***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Houser. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order; therefore, the Full Commission MODIFIES and AFFIRMS the Decision and Order of the Deputy Commissioner.
 *********** EVIDENTIARY MATTERS
At the deputy commissioner hearing, plaintiff submitted the following:
 a. A Punch Detail Report from Plaintiff's Former Employer, which was admitted into the record, and marked as Plaintiff's Exhibit (1);
 b. A Statement of Medical Expenses from Dr. George Randall, which was admitted into the record, and marked as Plaintiff's Exhibit (2), and;
 c. A Police Accident Report, which was admitted into the record, and marked as Plaintiff's Exhibit (3).
Also at the deputy commissioner hearing, defendant submitted the following:
 a. An Employee's Verification Form, which was admitted into the record, and marked as Defendant's Exhibit (1);
 b. A Photograph of the Vehicle In Which Plaintiff Was a Passenger, which was admitted into the record, and marked as Defendant's Exhibit (2), and;
 c. A Letter of Representation, which was admitted into the record, and marked as Defendant's Exhibit (3).
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement marked as Stipulated Exhibit (1) at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are properly before this court, which has jurisdiction over the parties, and the subject matter of this claim pursuant to G.S. § 143-291 et seq.
2. All parties have been correctly designated, and there is no question as to misjoinder, or nonjoinder of parties.
3. The parties agree that the Charlotte-Mecklenburg Board of Education is the defendant in this case, and is an agent of the State of North Carolina.
4. On May 1, 2000, plaintiff was a passenger in a 1991 Pontiac automobile bearing North Carolina License Plate Number KTR 8441, which was owned, and operated by Sylvia Pickle O'Neal.
5. Defendant's employee, Ms. Jennifer Barbie Cureton, was the operator of a Charlotte Mecklenburg Board of Education school bus on May 1, 2000.
6. On May 1, 2000 the vehicle in which plaintiff was a passenger was hit from behind by the school bus driven by Ms. Cureton.
7. The parties submitted a Packet of Medical Records, which was admitted into the record at the hearing, and marked as Stipulated Exhibit (2), and Records from Dr. George Randall, which were admitted into the record subsequent to the hearing, and marked collectively as Stipulated Exhibit (3).
8. The prior Order regarding sanctions filed by Deputy Commissioner Houser on June 17, 2002 is incorporated herein.
 ***********
Based on the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the deputy commissioner hearing, plaintiff was forty-seven (47) years old. On the morning of May 1, 2000, plaintiff was a passenger in a 1991 Pontiac automobile being operated by Ms. Sylvia O'Neil. Prior to the incident in question, the vehicle in which plaintiff was a passenger was stopped at a red traffic light at the corner of Beatties Ford Road and Mt. Holly Huntersville Road in Charlotte.
2. On May 1, 2000, defendant's employee, Ms. Jennifer B. Cureton was acting within the scope of her employment while driving a Charlotte Mecklenburg Board of Education school bus. The vehicle being operated by defendant's employee was stopped at the red traffic light immediately behind the vehicle in which plaintiff was a passenger.
3. To stop the school bus, defendant's employee had depressed the air brakes. However, on this occasion, her foot slipped off the brake while waiting for the traffic light to change. As a result, the vehicle being operated by defendant's employee rolled forward and impacted the vehicle in which plaintiff was a passenger.
4. On May 1, 2000, plaintiff was employed by Bali Company/Sara Lee. Plaintiff was employed as a Packaging Associate, which was a production type job, requiring her to lift five to twenty-five (5-25) pounds. In this position, plaintiff regularly worked greater than forty hours per week, with her rate of pay being $9.23 per hour, plus overtime wages. Plaintiff began her employment with Bali on March 20, 2000 and was within the ninety day probationary period as of May 1, 2000.
5. At the deputy commissioner hearing, plaintiff testified that the rolling of the vehicle being operated by defendant's employee into the vehicle in which she was a passenger caused a hard impact and that her head and neck jerked forwards and then backwards. During the evening of May 1, 2000, plaintiff testified that her symptoms worsened, and that she experienced pain and throbbing in her neck, head, and shoulders. Additionally, plaintiff testified that her duties as a Packaging Associate exacerbated her symptoms.
6. Plaintiff did not complain about any injuries to the investigating police officer and declined medical treatment at the scene of the incident. Plaintiff also worked full time, including some over time for approximately two weeks following the incident and did not report any injuries to anyone at work. Plaintiff did not seek any type of medical treatment until May 12, 2000.
7. Regarding her actions at the scene of the incident, plaintiff testified that she remained in the car in which she was a passenger, and at no time did she get out that vehicle, or speak with defendant's employee. However, defendant's employee, Ms. Cureton, testified that plaintiff not only got out of the vehicle in which she was a passenger, but that plaintiff confronted her with some harsh words regarding the incident. Ms. Cureton further testified that she spoke to both occupants of the car, and allowed Ms. O'Neal to use her cell phone to make a call.
8. Based upon the credible evidence of record, more weight is given by the Full Commission to the testimony of Ms. Cureton, as opposed to that of plaintiff, regarding plaintiff's actions at the scene of the incident on May 1, 2000.
9. Pursuant to the credible evidence of record, including a Police Accident Report marked as Plaintiff's Exhibit (3), the vehicle being operated by defendant's employee was traveling at less than five (5) miles per hour when contact was made with the vehicle in which plaintiff was a passenger. There was little impact to transmit force to the interior of the vehicle in which plaintiff was a passenger.
10. Based upon the totality of the credible evidence of record, little weight is given to plaintiff's testimony regarding injuries she claims to have sustained as the result of the incident of May 1, 2000. Additionally, little weight is given to any medical records tending to support causation that are dependent upon a medical history given by plaintiff.
11. The evidence of record establishes that plaintiff did not work for Bali subsequent to May 11, 2000, and that the final date of her employment was May 26, 2000. At the deputy commissioner hearing, issue was raised as to Bali's attendance policy and as to the reasons plaintiff's employment was terminated. The evidence does establish that Plaintiff's Exhibit (1), which should reflect the actual time plaintiff worked for Bali, was inaccurate. Additionally, based upon the totality of the evidence, the Full Commission finds that the reason plaintiff's employment with Bali ended was unrelated to her claim that she sustained injuries as the result of the incident occurring on May 1, 2000.
12. Plaintiff failed to introduce any evidence regarding the standard of care required of defendant's employee in operating the school bus. Although plaintiff was involved in an accident on May 1, 2000, there was insufficient evidence of record upon which to find that the duty of care was breached, or that the incident in question was proximately caused by any negligence on the part of defendant's employee.
13. Furthermore, in that plaintiff failed to prove any damages proximately caused by defendant's alleged negligence, even if the actions of defendant's employee were found to be negligent, plaintiff would be entitled to no monetary award.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Although plaintiff was involved in an accident on May 1, 2000, there was insufficient evidence of record upon which to find that the duty of care was breached, or that the incident in question was the result of any negligence on the part of defendant's employee. N.C.G.S. § 143-291 etseq.
2. Because there was no negligence on the part of defendant's employee, plaintiff is not entitled to any damages she may have sustained as a result of the incident occurring on May 1, 2000. Id.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission MODIFIES and AFFIRMS the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and is HEREBY DENIED.
2. Each side shall pay its own costs.
3. It is furthermore ORDERED that the June 17, 2002 Order of Deputy Commissioner Houser wherein plaintiff was sanctioned for failure to appear at the deputy commissioner hearing is hereby amended to provide that plaintiff's counsel is assessed $600.00 as a sanction for untimely notice of his conflict with the original hearing date in this matter in violation of North Carolina Industrial Commission Tort Claims Rule T205 and North Carolina General Rules of Practice Rule 3.1 Guidelines for Resolving Scheduling Conflicts. Of the sanction amount, $300.00 shall be paid to the North Carolina Department of Justice, and $300.00 shall be paid to the Industrial Commission. These amounts shall be paid within fifteen days of receipt of this Order.
This the ___ day of June 2003.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER